HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEBASTIAN LARRY LUBERS,

    Petitioner,

  v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C12-1340RAJ

ORDER

This matter comes before the court on a motion calendar it created to address petitioner's motion invoking 28 U.S.C. § 2255, as well as various motions filed by petitioner. For the reasons stated herein, the court concludes that petitioner has not established a valid challenge to the sentence this court imposed in August 2011. The court DENIES as MOOT petitioner's motion to order respondent to follow FRCP, motion to appoint counsel, and motion to release petitioner pending decision. Dkt. ## 35-36, 45. The court GRANTS petitioner's motions to seal. Dkt. ## 39, 44. The court directs the clerk to terminate this action and enter judgment for respondent.

Petitioner pleaded guilty to one count of felon in possession of a firearm. This court imposed a 64-month sentence to run concurrently with petitioner's state sentences. Petitioner filed a notice of appeal, but later moved for a voluntary dismissal of his appeal. In August 2012, he filed his § 2255 motion.

ORDER – 1

Petitioner raises five claims of ineffective assistance of counsel. His first four claims focus on counsel's performance at the sentencing hearing, and the fifth claim focuses on counsel's conduct during plea negotiations. A party raising a claim of ineffective assistance of counsel in a case that resulted in a guilty plea must not only show that counsel's representation fell below an objective standard of reasonableness, but that there is a reasonable probability that the defendant would not have pleaded guilty but for the ineffective assistance. *United States v. Baramdyka*, 95 F.3d 840, 844 (9th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 686-90 (1984)); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The court has reviewed petitioner's motion and the evidence he submitted in support of it. None of it demonstrates unreasonable conduct by his attorney, and none of it demonstrates that petitioner would not have pleaded guilty but for the alleged conduct of his attorney. The court finds an evidentiary hearing unnecessary.

For the reasons stated herein, the court DENIES petitioner's § 2255 motion and directs the clerk to DISMISS this action and enter judgment for respondent.

Because the court finds that reasonable jurists would not debate the resolution of this motion, the court declines to issue a certificate of appealability. *See* Fed. R. Governing § 2255 Proceedings, Rule 11(a); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 25th day of September, 2013.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 2